# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAMELA COUCH,

                        Plaintiff,

-vs-                                              Case No.  6:05-cv-1523-Orl-DAB

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.
_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.  Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

## I. BACKGROUND

### A.      Procedural History

Plaintiff filed for a period of disability and DIB on June 14, 2002, alleging an onset of disability on January 1, 2001, due to back problems and ruptured discs in her neck causing migraine headaches. R. 63.  Her application was denied initially and upon reconsideration.  R. 16, 52-53, 56-

57.  Plaintiff requested a hearing, which was held on August 3, 2004, before Administrative Law Judge Henry U. Snavely (hereinafter referred to as "ALJ").  R. 405-35.  In a decision dated December 21, 2004, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision.  R. 16-22.  Plaintiff timely filed a Request for Review of the ALJ's decision.  R. 404.  The Appeals Council denied Plaintiff's request on August 5, 2005.  R. 5-10.  Plaintiff filed this action for judicial review on October 11, 2005.  Doc. No. 1.

### B.    Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision.  By way of summary, Plaintiff complained of pain in her neck and back, as well as migraines and stomach problems.  R. 424.  After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from degenerative disc disease, which was a "severe" medically determinable impairment, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  R. 17.  The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform medium work.  R. 20.  In making this determination, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible for the reasons set forth in the body of the decision.[1]  R. 21, Finding 5.  Based upon Plaintiff's RFC, the ALJ determined that she could perform past relevant work as a bank teller, cashier, and hairdresser.[2]  R. 21.  Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  R. 21.

---

[1]  Within the body of the decision, the ALJ discredited Plaintiff's reported limitations based on several specific inconsistencies between those limits, medical findings and Plaintiff's stated daily activities.  R. 20.

[2]Plaintiff's earnings were zero dollars for 2000, although her alleged onset date is January 2001.  Earnings for 1993-95 were no more than $1,600 and in no year since have been above $5,500.  R. 59.

Plaintiff now asserts that the ALJ erred by improperly applying the pain standard and evaluating her credibility, thus, resulting in an improper assessment of Plaintiff's RFC.  For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## *II.  STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).  "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**Pain and credibility**

Plaintiff asserts that the ALJ erred in evaluating her pain due to degenerative disc disease, neck pain, stomach problems, migraines and medication side effects.  She also argues that the ALJ erred by finding her subjective complaints not totally credible.  She contends that the record demonstrates her credibility and that the ALJ failed to provide adequate reasons for discrediting her complaints; the reasons he did provide do not contradict her testimony.  Doc. No. 10 at 10.

Pain is a non-exertional impairment.  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1529.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).  Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

In this case, the ALJ specifically described the pain standard mandated by the Eleventh Circuit, thus he was clearly was aware of the governing standards for evaluating subjective complaints; he also cited the applicable regulations and Social Security Ruling ("SSR") 96-7p. R. 20.  The ALJ complied with the standards, determining that Plaintiff had an objective medical condition

-4-

that could give rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

Having concluded that he had to make a credibility determination of Plaintiff's subjective complaints, the ALJ articulated the basis for his determination.  Immediately before discussing Plaintiff's RFC, the ALJ stated:

> The claimant testified that she suffers from a ruptured neck disc, degenerative disc disease, migraines, stomach problems, right-hand weakness, and lung difficulties. The claimant stated that she is not able to stand, sit, or walk for prolonged periods.  She indicated that she is not able to hold her arms up in the air or to button clothes.  The claimant asserted that she does not sweep, vacuum, or do garden work.  However, the claimant admitted that she does whatever housework she can and that she occasionally does the laundry.  On October 8, 2002, a physical evaluation was normal and unremarkable.  Nitin Haté, M.D., noted that the claimant exhibited no evidence of neurological deficit, muscle atrophy, or restricted range of motion.  On June 13, 2002, an abdominal ultrasound was normal.  On August 6, 2003, x-rays of the claimant's chest revealed no active disease.  On August 7, 2003, the claimant underwent a cardiac catheterization which revealed normal ejection fraction and coronaries with normal left ventricular systolic as well as diastolic function.  On July 2, 2004, an MRI scan of the claimant's lumbar spine revealed a small round L2 signal hyperintensity, progressive L3-4 disc desiccation with only slight disc space narrowing and no more than minimal spondylitic changes, merely mild posterior L3-4 disc protrusion, and only mild hypertrophic facet joint changes at L4-5 as well as L5-S1.

R. 20 (internal citations to the record present but omitted in quotation).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Notwithstanding Plaintiff's arguments to the contrary, the ALJ did offer specific reasons for discrediting Plaintiff's subjective complaints.  The ALJ refuted Plaintiff's claims of disabling pain from a ruptured neck disc, degenerative disc disease, migraines, stomach problems, right-hand weakness, and lung difficulties based on substantial evidence.

Plaintiff testified that she was not able to stand, sit, or walk for prolonged periods. R. 433-34.  Plaintiff stated in SSA form that she could spend one hour standing, two hours walking and two hours sitting per day.  R. 114.  Although Plaintiff testified that she cannot hold her arms up in the air to do her hair or to button clothes and that she cannot sweep, vacuum, or do garden work (R. 420), but she also testified that she does whatever housework she can and that she occasionally does the laundry; she also prepares some meals, drives to the doctor's office and to the grocery store.  R. 102, 418-19, 421.  The medical records from October 2003 document Plaintiff's report of working on her yard for *two hours*, trying to get rid of weeds with weedkiller that got on her skin and feet, causing her vomiting and diarrhea (from which she recovered).  R. 334, 347, 349.  Plaintiff was equivocal about which arm and/or hand was the one that hurt (R. 420) and the records reflect complaints that she complained on separate occasions that her neck pain affected her left arm or her right arm.  R. 110, 105, 148, 160.  Also oddly noted in the record was Plaintiff's misstatements to Doctor Price's office regarding communications he made with the hospital when she was in the ER.  R. 135.

In addition to Plaintiff's inconsistent testimony, the ALJ based his rejection of Plaintiff's testimony regarding her limitations on the objective medical evidence in the record.  The consultative examination of Plaintiff on October 8, 2002 by Nitin Haté, M.D., was normal and showed no evidence of neurological deficit, muscle atrophy, or restricted range of motion.  R. 162.

-6-

Tests for Plaintiff's complaints of chest pain in August 2003 were normal: x-rays revealed no active disease on August 6, 2003 and a cardiac catheterization showed normal ejection fraction and coronaries with normal left ventricular systolic as well as diastolic function on August 7, 2003. R. 319-26. Testing in January 2004 for cardiac issues also reported normal findings. R. 374. Test results from complaints of chest pain in August 2004 also did not show any evidence of esophageal disease; muscle relaxants and non-steroidal anti-inflammatory medications were recommended if the symptoms persisted. R. 398-400.

Plaintiff's neck injury (C6-7 and C5-6 - R. 136) and complaints of headaches in early 2001 are well documented. R. 130-45. However, more recent MRI scans of Plaintiff's neck and back in summer 2004 also reported only mild, slight, or minimal changes to the lumbar spine. On July 2, 2004, an MRI scan of the claimant's lumbar spine revealed a small round L2 signal hyperintensity, progressive L3-4 disc desiccation with slight disc space narrowing and no more than minimal spondylitic changes, merely mild posterior L3-4 disc protrusion, and only mild hypertrophic facet joint changes at L4-5 as well as L5-S1. R. 373, 395. While Plaintiff had a documented herniated disc in her neck at C6-C7 in 2001 (R. 146), the most current medical records indicate only mild problems. An MRI of Plaintiff's cervical spine from April 2003 indicates that "sagittal images fail to show evidence of compression fracture or focal subluxation. . . . I could not show evidence of neural foraminal compromise. Only limited degenerative ridging is appreciated." R. 255. The radiologist also opined that although there were mild disc bulges, "[n]evertheless, the CSF space is preserved about the cord at each level and I could not show evidence of neural foraminal compromise in the axial views." R. 256.

Plaintiff stated that her migraines were the result of an injury to her neck during a chiropractor's adjustment.  R. 109-10.  Other medical reports reflect that she reported having had a long history of headaches.  R. 147-48.  When the ALJ questioned her about this inconsistency, she admitted that she had headaches before 2001, but that they were not as severe and did not last as long.  R. 428.  What is very telling of Plaintiff's condition are the medical notes from March 4, 2004 of Plaintiff's new physician, Donna Connors, M.D., who noted that "the patient is doing well, has *no real concerns or problems* except that she complains of fluid retention every other month and migraines headaches around the third or fourth day of each month.  R. 367.  Dr. Connors diagnosed her with premenstrual tension causing the migraine headaches as of March 2004.  R. 368; *see also* R. 220 (headaches correlated to ovulation).  Plaintiff's headaches had also been blamed on sinus disease and problems, for which she had surgery in March 2002.  R. 134, 152, 205-08, 214.

Plaintiff was diagnosed with a small cyst in her lung in July 2004.  R. 391-92.  In March 2005, her physician reiterated the advice received from other physicians that she quit smoking.  R. 387, 396.  Here, the ALJ's reasons for partially discrediting Plaintiff's testimony included inconsistencies between her reports and the examination findings, as well as inconsistencies between her statements and her activities of daily living.  These are factors the ALJ is directed to consider.  20 C.F.R. § 404.1529.  Moreover, the ALJ's reasons are supported by substantial evidence.

## IV.    CONCLUSION

The record in this case shows that Plaintiff had experienced a neck injury in 2001 but had improved and her headaches were attributable to ovulation and sinus problems, since resolved.  The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act.  For the reasons set forth above, the ALJ's decision

is consistent with the requirements of law and is supported by substantial evidence.  Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

      **DONE** and **ORDERED** in Orlando, Florida on January 16, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record