**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAMELA COUCH,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-1523-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO REMAND UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) (Doc. No. 22)**
>
> **FILED:** March 2, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On January 16, 2007, this Court issued a Memorandum Opinion And Order affirming the final decision of the Commissioner that Plaintiff was not disabled. Doc. No. 18. Well after final judgment was entered on January 17, 2007 (Doc. No. 19), on March 2, 2007, Plaintiff filed her motion to remand for the Commissioner to consider new evidence. Doc. No. 22. The Commissioner contends that Plaintiff failed to raise the issues timely and has waived them, or in the alternative, that Plaintiff's argument lacks merit.

Although judgment has been entered in the case, Plaintiff did not file a motion to alter or amend the judgment within ten days of the entry of the judgment, as authorized by Rule 59. Plaintiff also has not filed a motion for relief from judgment under Rule 60(b). Instead, Plaintiff filed a motion for remand under sentence six of 42 U.S.C. § 405(g), for new evidence, *i.e.*, the medical opinion of Plaintiff's treating physician, Dr. Solis, dating back six years, and pharmacy information sheets supporting side effects Plaintiff might experience. Doc. No. 22-2, 22-3.

The Commissioner contends Plaintiff's arguments that the ALJ failed to weigh all of the evidence or failed to consider evidence of medication side effects or did not properly develop the record are not new and could have been argued in Plaintiff's brief on the merits (Doc. No. 14).

In a sentence six remand, for which the grounds are limited, the Court retains jurisdiction. The applicable statute allows that the court:

> [M]ay *at any time*[1] order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g), sentence six (emphasis and footnote added). The Eleventh Circuit has considered a motion for remand filed even while the case was on appeal and after the district court had entered judgment. *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988) (new evidence of plaintiff's two-week hospitalization after appeal was new, non-cumulative and was grounds for remand).

---

[1] It is unlikely that this language should be construed literally as it would seriously undermine general principles of finality and is inconsistent with various time limits on seeking judicial relief. Assuming this Court has jurisdiction to consider the question raised by the motion, the Court will decide its merits rather than finding it untimely.

"To succeed on a claim that remand is appropriate [the claimant] would [have] to show that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If an applicant shows good cause for her failure to introduce evidence during a hearing before the ALJ, courts may consider that evidence[2] in deciding whether the case should be remanded for further administrative proceedings to include the new evidence. *Id.* at 1324.

In this case, Plaintiff submits a non-standard Functional Capacities form from Dr. Solis, Plaintiff's treating physician, dated January 10, 2007, in which he answers "Yes" to the question, "Based upon a review of the medical records, the patient history provided by Ms. Couch and the level of severity of the impairments which were diagnosed upon examination, in your opinion, have the above impairments and limitations existed since January 22, 2001?" In other words, Dr. Solis opined that Plaintiff's impairments and limitations – her inability to walk or stand for two hours or remain seated for four hours, and difficulty concentrating, maintaining attention, and the need to lie down periodically throughout the day – existed for the six years prior to 2007. Doc. No. 22-2. This evidence may be newly created in 2007, but it is clearly not "new" or non-cumulative since it is based

---

[2]When the claimant submits post-ALJ-decision evidence to the Appeals Council, and the Appeals Council denies the claimant's request for review, that evidence may not be used by the reviewing court in deciding if the ALJ's decision is supported by substantial evidence." *Falge*, 150 F.3d at 1323; *Callahan v. Barnhart,* 186 F.Supp.2d 1219, 1225 (M.D. Fla. 2002) (court may not consider evidence that was not before the administrative law judge, even though the Appeals Council considered such evidence in its order denying claimant further review); *but see Maroney v. Apfel*, 57 F. Supp.2d 1250, 1265-66 (N.D. Ala. 1999) (holding that *Falge* contradicted Eleventh Circuit precedent and instead following earlier cases that allowed consideration of new evidence filed after ALJ decision, but before the appeals council's review); *Haws v. Apfel,* 61 F. Supp.2d 1266, 1293 n.30 (M.D. Fla. 1999) (distinguishing from facts of *Falge* and holding that post-ALJ-decision evidence could be considered in claimant's appeal of decision of appeals council, as opposed to ALJ).

on six years' previous treatment. *See Butler v. Barnhart*, 347 F. Supp.2d 1116, 1124 (M.D. Ala. 2003). As the Commissioner points out, Plaintiff fails to explain why Dr. Solis's opinion statement, spanning 2001 to 2007, was not obtained earlier and made available to the ALJ before the decision in 2004.

There also is not a reasonable possibility that Dr. Solis's opinion would change the administrative result because his underlying medical records for the time period January 2001 to July 2003 were part of the record that was before the ALJ and he summarized Dr. Solis's findings (R. 19; R. 248-311). As the ALJ noted (and this Court quoted), the medical evidence reported that Plaintiff's disc problems were mild: "On July 2, 2004, an MRI scan of the claimant's lumbar spine revealed a small round L2 signal hyperintensity, progressive L3-4 disc desiccation with only slight disc space narrowing and no more than minimal spondylitic changes, merely mild posterior L3-4 disc protrusion, and only mild hypertrophic facet joint changes at L4-5 as well as L5-S1." Doc. No. 18 (quoting R. 20). Such mild restrictions in the objective records before Dr. Solis do not support his opinion that Plaintiff could not sit for four hours or stand or walk for two hours.

In addition, Plaintiff has not alleged good cause for the failure to provide pharmacy records during the administrative process. Moreover, there is not a reasonable possibility that the pharmacy records would change the administrative result, because they are from 2006-07, well after Plaintiff's alleged onset date and the ALJ's 2004 decision date, and merely describe possible side effects and are not unequivocally side effects Plaintiff was actually experiencing – Plaintiff's complaints of side effects from medication would have been in the objective medical records submitted and before the ALJ.

The ALJ considered and rejected Plaintiff's allegations of debilitating pain and subjective complaints from a ruptured neck disc, degenerative disc disease, migraines, stomach problems, right-hand weakness, and lung difficulties.  The Court has already cited medical records that militate against Plaintiff's subjective complaints and that provide substantial evidence supporting the ALJ's conclusions:

> The medical records from October 2003 document Plaintiff's report of working on her yard for *two hours*, trying to get rid of weeds with weedkiller that got on her skin and feet, causing her vomiting and diarrhea (from which she recovered). R. 334, 347, 349. Plaintiff was equivocal about which arm and/or hand was the one that hurt (R. 420) and the records reflect complaints that she complained on separate occasions that her neck pain affected her left arm or her right arm. R. 110, 105, 148, 160. . . However, more recent MRI scans of Plaintiff's neck and back in summer 2004 also reported only mild, slight, or minimal changes to the lumbar spine. On July 2, 2004, an MRI scan of the claimant's lumbar spine revealed a small round L2 signal hyperintensity, progressive L3-4 disc desiccation with slight disc space narrowing and no more than minimal spondylitic changes, merely mild posterior L3-4 disc protrusion, and only mild hypertrophic facet joint changes at L4-5 as well as L5-S1. R. 373, 395. While Plaintiff had a documented herniated disc in her neck at C6-C7 in 2001 (R. 146), the most current medical records indicate only mild problems.  An MRI of Plaintiff's cervical spine from April 2003 indicates that "sagittal images fail to show evidence of compression fracture or focal subluxation. . . . I could not show evidence of neural foraminal compromise. Only limited degenerative ridging is appreciated." R. 255. The radiologist also opined that although there were mild disc bulges, "[n]evertheless, the CSF space is preserved about the cord at each level and I could not show evidence of neural foraminal compromise in the axial views." R. 256.

Doc. No. 18 (emphasis added).

Plaintiff has failed to show good cause for not submitting Dr. Solis's January 10, 2007 assessment or the pharmacy records earlier and, even if she had shown good cause, it is not material such that a reasonable possibility exists that the new evidence would change the administrative result. Accordingly, the Motion for Remand pursuant to sentence six for new evidence is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record